No. 651

First Circuit

DAIGLE v. CHIASSON

(June 9, 1930.  Opinion and Decree.)

Harvey Peltier, of Thibodaux, attorney for plaintiff, appellant.

Harris Gagne, of Houma, attorney for defendant, appellee.

LeBLANC, J. This is a suit for damages arising out of an automobile accident.

On September 2, 1929, between the hours of 5 and .6 o'clock in the afternoon, a collision took place between the plaintiff's Ford sedan which was being driven by his wife, and a truck belonging to and being driven by the defendant, on the Bayou Terrebonne Road just out of the town of Thibodaux, on the way to Shriever.

Mrs. Daigle was driving in the direction toward Thibodaux, and the defendant toward Shriever. There was another car just in front of the defendant's truck, and as Mrs. Daigle was about to meet it, the defendant, instead of remaining in the rear of that car, attempted to pass it and ran into the Daigle car, the force of the impact throwing it across a ditch along the edge of the road. Mrs. Daigle's two chil-

dren, Roy, three years old, and Ray, five years, were with her in the Ford sedan and were both injured.

Suit was brought by the father in which he asks for judgment for himself in the sum of $110 for damages to his automobile, and in the sum of $2,025 in his favor as father of the minor Ray Daigle, and in the sum of $1,025 in his favor as father of the minor Roy Daigle.

The trial judge awarded judgment in favor of the plaintiff for the full amount asked for as damages to the automobile and $50 for each of the two children for the injuries sustained by them.

The plaintiff has appealed from the judgment asking that it be increased to $1,500 for each child. The defendant did not appeal and has made no appearance in this court. We will therefore act on the presumption of the correctness of the judgment insofar as it condemns the defendant in damages and limit our consideration of the case to the quantum.

As we read the evidence, the plaintiff's car must have been struck a violent blow by the truck, to have been thrown across the ditch along the roadside and completely overturned. The children had to be extricated from underneath the wrecked car. Their injuries consisted principally of severe cuts on the fingers, arms, nose, and scalp, which the examining physician detailed as follows:

"Ray had severe cuts from the four joints of the fingers, index finger and the remaining three fingers, all but the thumb. The index finger and the one next to the index finger were cut to the joint. The same child had a laceration on the arm and two or three cuts in the scalp, Roy I think by name, had a laceration on the elbow of one arm, the elbow, a severe cut on the nose and also on his scalp."

They both suffered considerable pain which had to be alleviated by the administration of sedatives. They were under the care of a physician for two weeks and both bear scars from their cuts and wounds which will remain for a considerable time, some of them probably as long as two years. Considered as a whole, it appears that each child's injury was as great as that of the other and in the case of each was severe enough to warrant a judgment of more than $50.

We have been referred to a large number of decisions which we have read, with numerous others, to assist us in fixing a proper amount, which is always a perplexing question in cases of this kind. For injuries of a nature such as these children received, the awards seem to average about $350, which we believe would be a fair and reasonable amount to allow in the case of each. Included in the plaintiff's demand was a claim for $25 for each child for physician and medical expenses, but he offered no proof in support of these items, and therefore they cannot be recovered.

The judgment appealed from is therefore affirmed insofar as it condemned the defendant to pay the sum of $110 for damages to the automobile, and it is amended by increasing the amount allowed the plaintiff as father of his minor child Ray Daigle from the sum of $50 to the sum of $350, and also by increasing the amount allowed him as father of his minor child Roy Daigle from the sum of $50 to the sum of $350; and as thus amended it is affirmed.